

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. 0-1636
Re: Where an incorporated city does not have
and has never had a public free library,
do the inhabitants of such city who are
residents of a county have privilege of
using county library? Should property in
such city be included in computing amount
which may be allowed out of general fund
of county for library purposes? And can
such city contract with county for parti-
cipation in county library, paying for
such privilege. If so, can a withdrawal
be effected without giving notice requir-
ed by Article 1692?

We are in receipt of your request for an opinion on
the following three questions:

"1. Where an incorporated city does not
have and has never had a public free library,
do the inhabitants of such city who are resi-
dents of a county have the privilege of using
the county library?

"2. Should the property within the cor-
porate limits of such city be included in com-
puting the amount which may be allowed out of the
general fund of the county for library purposes?

"3. Can such city contract with the county
for participation in the county free library,
paying for such privilege; and if so, can a with-
drawal be effected without giving the notice re-
quired by Article 1692?"

The Commissioners Court of any county is au-
thorized to establish, maintain and operate county
free libraries in the county. Article 1677, R.C.S.,
1925.

Said free libraries may be established for that part of the county "lying outside of the incorporated cities and towns <u>already</u> <u>maintaining</u> <u>free</u> <u>public</u> <u>libraries</u>". (Underscoring ours).

The law also provides that the county free libraries may be established "for such additional parts of such counties as may elect to become a part of or to participate in such county free library system". Article 1678, R.C.S., 1925.

We construe this article to mean that the libraries are primarily for that territory of county outside of incorporated cities and towns which have their own free public libraries, but that such cities and towns are "such additional parts of such counties as may elect to become a part of or to participate in such county free library system".

If incorporated cities and towns which have such libraries do not elect to become a part of or to participate in the county free library system, they may not enjoy the benefit of the system. This applies to the inhabitants of these incorporated cities or towns.

Article 1690, R.C.S., 1925, states that after joinder by the city or town with the county system "its inhabitants shall be entitled to the benefits of such county free library, and the property within such town or city shall be included in computing the amount to be set aside as a fund for county free library purposes".

According to ARticle 1691, R.C.S., 1925, in order "to secure to the residents of such incorporated city or town the same privileges of the county free library as are enjoyed by the residents of such county outside of such incorporated city or town", the city or town is given power to enter into contract with the county. When the city or town withdraws from the system under Article 1692, R.C.S., 1925, "Such city or town shall cease to participate in the benefits of such county free library system and the property situated in said city or town shall no longer be assessed in computing the fund to be set aside for county free library purposes."

Article 1688, R.C.S., 1925, provides that "any white person of such county may use the county free library under the rules and regulations prescribed by the Commissioners' Court and may be entitled to all the privileges thereof."

Construing Article 1688 with Articles 1678, 1690, 1691, and 1692, above referred to, it is apparent that the Legislature intended to limit the use of the county free library to any white person living in those parts of the county lying outside of the incorporated cities and towns already maintaining free public libraries and to any white person in those incorporated cities and towns maintaining a free public library which joined the county system under Article 1690, supra. White persons who inhabit incorporated cities and towns maintaining a free public library and not electing to join the county free public library system are barred from use of the county libraries.

Article 1688 in our opinion is not in conflict with other articles in Title 35, "County Library".

In answer to your first inquiry, it follows that where an incorporated city does not have and has never had a public free library the inhabitants of such city who are residents of the county have the privileges of using the county library under Articles 1678 and 1688, R.C.S., 1925.

Article 1679, R.C.S., 1925, reads as follows:

"After a county free library has been established, the commissioners court shall annually set aside from the general tax fund of the county, a sum sufficient for the maintenance of said library, but not to exceed five cents on the hundred dollars valuation of all property in such county outside of all incorporated cities and towns already supporting a free public library, and upon all property within all incorporated cities and towns already supporting a free public library, and upon all property within all incorporated cities and towns already supporting a free public library which have elected to become a part of such free library systems provided in this title for the purpose of maintaining county free libraries and for purchasing property therefor." (Underscoring ours).

We call attention to the repetition of the phrase "and upon all property within all incorporated cities and towns already supporting a free public library", evidently a mistake in drafting the statute or in printing as it is found in General Laws 1919, ch. 75, p. 219.

But General Laws 1915, Thirty-fifth Legislature, Regular Session, p. 100, Sec. 12, S. B. 149 (Vol. 17, Laws

of Texas) clarifies the situation.  It reads as follows:

> "After a county free library has been es-
> tablished, the commissioners' court shall an-
> nually levy in the same manner and at the same
> time, as all other taxes are levied, a tax not
> to exceed five cents on the one hundred dollars
> valuation <u>on all property in such county outside
> of all incorporated cities and towns already sup-
> porting a free public library, and upon all prop-
> erty within all incorporated cities and towns al-
> ready supporting a free public library which have
> elected to become a part of such county free
> library system</u> provided in this Act for the pur-
> pose of maintaining county free libraries and
> purchasing property therefor."

Answering  your second question, it is our opinion
that property within the corporate limits of an incorporated
city and town which does not have and never had a public free
library is included in computing the amount to be set aside
out of the general tax fund of the county for the maintenance
of the county free library system.

In answer to your third question, we wish to advise
that it is not necessary under Articles 1677 to 1696, R.C.S.,
1925, with amendments, for an incorporated city which does
not have and has never had a public free library to contract
with the county for participation in the county free library
system or to make cash contributions for such participation
before its inhabitants can enjoy the benefits of the system,
since Articles 1691 and 1692, R.C.S., 1925, apply only to
incorporated cities and towns maintaining a public free
library of their own.

Trusting that we have fully answered your inquiries,
we are

Yours very truly
ATTORNEY GENERAL OF TEXAS

DS:ob:wc

By s/Dick Stout
Dick Stout
Assistant

APPROVED NOV 7, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman